## SETTLEMENT AGREEMENT
## AND RELEASE OF CLAIMS

This Settlement Agreement and Release Of Claims ("Agreement") is made by and between Adam Kershaw ("Plaintiff") and Ballard Aviation, Inc. ("Defendant")

### SECTION I — RECITALS

1.1 -- Plaintiff filed a Complaint in the United States District Court for the District of Kansas on June 1, 2017 (Case No.: 17-CV-2318) captioned: *Adam Kershaw vs. Ballard Aviation, Inc.* ("the Lawsuit).

1.2 -- It is the desire of Plaintiff and Defendant to fully and finally settle and resolve, for valuable consideration, the claims and disputes asserted in the Lawsuit, and any other claims and disputes that could have been asserted in the lawsuit arising from the facts asserted therein that Plaintiff may have with or against the Defendant and Related Parties (defined below) in court, arbitration or any other forum. The parties have reached this agreement and compromise after considering the substantial expense and uncertainty of future litigation and with the desire of resolving all pending or potential disputes or claims, administrative matters, and litigation in their entirety, including those in the Complaint, without admitting liability.

1.3 -- Therefore, without admitting the validity of, or any liability for, the claims filed and threatened by Plaintiff against Defendant arising from the facts in the Lawsuit, and to resolve all such disputes of Plaintiff against Defendant and the Released Parties, and in consideration of the following terms, conditions, covenants, and promises as set forth in this Agreement, the parties have agreed as follows:

### SECTION II — SETTLEMENT AND PAYMENT

2.1 -- <u>Payment to Plaintiff.</u> Defendant will make payment to Plaintiff in the total amount of Fifty-Three Thousand Dollars and No Cents ($53,000) to be allocated as follows:

1

EXHIBIT A

a.     A single check in the amount of Twenty Thousand One Hundred Forty Dollars and No Cents ($20,140) will be made to Plaintiff Adam Kershaw and a 1099 will be issued to Kershaw.

b.     A single check in the amount of Twenty Thousand One Hundred Forty Dollars and No Cents ($20,140), less all applicable federal, state and local withholdings. This check represents payment for the compromise of disputed claims for wages and shall be reported on an IRS W-2 form to the IRS and the Kansas Department of Revenue.

c.     A single check in the amount of Twelve Thousand Seven Hundred Twenty Dollars and No Cents ($12,720) shall be issued and made payable to Brady & Associates, 10985 Cody Street, Suite 135, Overland Park, KS 66210 for attorneys' fees and costs.

The Settlement Payments described in the paragraphs above shall be tendered to Plaintiff's counsel within five (5) business days from the date Defendant's counsel receives a fully executed copy of this Settlement Agreement signed by Plaintiff along with the signed attorney acknowledgment at the end of this document. Other than the Settlement Payments described in paragraph a., b. and c. above, no other payments of any type will be made to Plaintiff or his attorneys.

2.2 -- Tax Liability. Plaintiff shall take full and complete responsibility for the taxes owed by Plaintiff for the payments in paragraph 2.1. Plaintiff agrees to indemnify, defend and hold harmless Defendant and the Released Parties from any and all tax liability assessments or penalties that might be incurred as a result of the receipt of the Settlement

Payments described in paragraph 2.1 above for the taxes owed by Plaintiff. It is understood by the parties that the Settlement Payment, more fully described in Paragraph 2.1 of this Agreement, are made to compensate Plaintiff for attorneys' fees and costs, alleged lost wages

2

and other non-wage assertions/claims as described herein. Plaintiff agrees and acknowledges that neither Defendant nor its counsel has made any representations regarding the tax consequences of the payments described herein.

2.3 -- <u>Full Release of Claims for Costs and Attorneys' Fees.</u> Plaintiff expressly agrees and acknowledges that this Agreement also resolves and settles Plaintiff's claim for an award of costs and attorneys' fees. Accordingly, Plaintiff releases and waives Plaintiff's claim for an award of costs and attorneys' fees as to Defendant and Released Parties.

2.4 -- <u>Other Costs and Attorneys' Fees.</u> Plaintiff expressly agrees and acknowledges that no counsel other than Brady & Associates are entitled to any of the Settlement Payment described above. Plaintiff agrees and acknowledges that, in order to receive any payment pursuant to this Agreement, Plaintiff's attorney must execute a waiver and release of any lien.

## SECTION III — PLAINTIFF'S RELEASE AS TO DEFENDANT AND OTHERS

3.1 -- <u>Withdrawal/Dismissal of the Complaint.</u> In further consideration of the promises and payments contained in this Agreement, and as the parties have resolved all matters raised herein, Plaintiff agrees that any claims he brought in the Lawsuit will be dismissed by the Court with prejudice and never asserted by Plaintiff again in any court, forum, or arbitration.

3.2 -- <u>Release.</u> In consideration for the Settlement Payment previously referenced in Paragraph 2.1, and for the promises and releases contained herein, Plaintiff, for and on behalf of himself and his beneficiaries, executors, administrators, attorneys, successors, agents, and assigns shall forever waive, release, and discharge Defendant and any of its owners, subsidiaries, divisions or affiliates of these entities, related or parent companies, or the present, future, or former employees, managers, members, attorneys, agents, officers, directors, or successors of these entities, in any individual or corporate capacity, as well as any other persons, firms,

3

insurance companies and reinsurance companies, third-party administrators, or other insurance companies or entities, known or unknown to Plaintiff, liable or who might be claimed by Plaintiff to be liable (hereinafter also referred to collectively as the "Released Parties"). Plaintiff's release includes any and all of Plaintiffs potential or actual causes of action arising out of any act or omission related to his employment by Defendant.

3.3 — <u>No Solicitation.</u> Plaintiff's attorneys represent that as of the date of execution of this Agreement and for the purpose of making the representations set forth in this paragraph, they have not been retained by and do not represent any individuals other than Plaintiff that have or may have any potential claims, grievances, or causes of action against Defendant similar to those asserted in the Complaint.

3.4 -- <u>Representation of No Pending Claims.</u> Plaintiff, for and on behalf of himself and his heirs, beneficiaries, executors, administrators, attorneys, successors, also represents that there are no currently pending lawsuits or administrative complaints by Plaintiff asserting any claim against Defendant or the Releases Parties. Plaintiff agrees that he does not have any work related injuries for which he has not received full and final compensation and that he has been compensated for any all wages and/or overtime or penalties owed during the entire period of time he worked for Defendant.

3.5 -- <u>Knowing Waiver.</u> Plaintiff understands and acknowledges that he has expressly waived rights relating in any way to the facts asserted in the Lawsuit, as well as all potential or actual causes of action arising out of any act or omission related to his employment, against Defendant and the Released Parties by executing this Agreement. Plaintiff further acknowledges that he understands the legal effect of this Agreement, that he has had the opportunity to consult with an attorney regarding the legal effect of this Agreement prior to executing it, and that he

4

executed the Agreement only after having a complete understanding of the legal effect of executing it. Plaintiff further acknowledges that he has entered into this Agreement freely, knowingly, and voluntarily; it is further understood and agreed that this Agreement was reached and agreed to by the parties in order to avoid the expense of continued litigation, as well as the uncertainties of litigation.

## SECTION IV — WARRANTIES

4.1 -- Capacity of Plaintiff. Plaintiff represents and warrants to Defendant that he has the full power, capacity, and authority to enter into this Agreement, and that no portion of any claim, right, demand, action, or cause of action that Plaintiff has or might have had arising out of the acts, events, transactions, and occurrences referred to herein have been assigned, transferred, or conveyed to any person not a party to this Agreement, by way of subrogation, operation of law, or otherwise, and that no releases or settlement agreements are necessary or need to be obtained from any other person or entity to release and discharge completely any of Plaintiffs claims released in this Agreement.

4.2 -- Final Release. Plaintiff represents and warrants to Defendant that he understands and agrees that this Agreement shall act as a final release of claims related to the Lawsuit on or prior to the Effective Date of this Agreement.

4.3 -- Binding on Plaintiff. Plaintiff represents and warrants to Defendant that he understands that if the facts upon which this Agreement are found hereafter to be different from the facts now believed to be true, this Agreement will remain binding and effective and the parties expressly accept and assume the risk of such possible differences and agree that this Agreement shall remain binding and effective, notwithstanding such potential differences, no matter how significant.

5

4.4 -- <u>Voluntary Action by Plaintiff.</u> Plaintiff acknowledges that he has entered into this Agreement freely, knowingly, and voluntarily; it is further understood and agreed that this Agreement was reached and agreed to by the parties in order to avoid the expense of continued litigation, as well as the uncertainties of litigation.

## SECTION V — DENIAL OF LIABILITY

5.1 — <u>Defendant's Denial of Liability.</u> Defendant denies any and all allegations of any form of wrongdoing with respect to Plaintiff's former employment. The parties expressly represent and warrant to each other that it is understood and agreed that this Agreement is a compromise of disputed claims, and that the exchange of consideration by virtue of this Agreement and any other acts, omissions, or statements by the parties are not to be construed as an admission of liability by any party for any claims or defenses, with such liability being expressly denied. The parties hereby represent and warrant to each other that it is understood and agreed that neither this Agreement nor anything contained in this Agreement shall be interpreted or construed as an admission of liability by Defendant or any of the Released Parties. Nothing contained in this Agreement, or the fact that Defendant submitted it to Plaintiff for his consideration, shall be admissible evidence in any judicial, administrative, or other legal proceeding, or be construed as an admission of any liability or wrongdoing on the part of Defendant or Released Parties of any violation of federal or state statutory or common law or regulation.

## SECTION VI — GENERAL PROVISIONS

6.1 -- <u>Entire Agreement.</u> This Agreement constitutes the entire agreement by the parties hereto with respect to all of the matters discussed herein, and supersedes all prior or contemporaneous discussions, communications, or agreements, expressed or implied, written or

6

oral, by or between the parties.

6.2 -- <u>Governing Law.</u> This Agreement shall be interpreted and governed according to the laws of Kansas.

6.3 -- <u>Binding On Successors.</u> The provisions of the Agreement shall be binding upon and shall inure to the benefit of the successors, assigns, heirs, executors, and administrators of the respective parties.

6.4 -- <u>No Use of Document as Evidence.</u> Nothing contained in this Agreement shall be admissible evidence in any judicial, administrative, or other legal proceedings (except in an action to enforce the terms and conditions of this Agreement), or to be construed as an admission of any liability or wrongdoing on the part of Defendant or any of the Released Parties of any violation of federal or state statutory or common law or regulation.

6.5 -- <u>No Amendment Without a Writing.</u> The parties hereto agree that no amendment or modification of this Agreement shall be binding or valid upon Defendant unless made in writing, specifically referencing this Agreement, and signed by duly authorized officers of Defendant. No amendment or modification of this Agreement shall be valid or binding upon Plaintiff unless made in writing and signed by him. Any waiver by Defendant of the breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach.

6.6 -- <u>Severability.</u> The paragraphs and provisions of this Agreement are severable; if any paragraph or provision is found unenforceable, the remaining paragraphs and provisions shall remain in full effect.

6.7 -- <u>Construction.</u> The parties acknowledge that they have reviewed and revised this Agreement, and that Plaintiff has been advised to have an attorney review this Agreement, and that the normal rule of construction to the effect that any ambiguities are to be resolved against

7

the drafting party shall not be employed in the interpretation of this Agreement.

6.8 -- <u>Effective Date.</u> This Agreement shall become effective on the date both Plaintiff and Defendant have signed this Agreement.

6.9 -- <u>Counterparts.</u> This Agreement may be executed in counter-parts, and authentic facsimile signatures shall be deemed to be original signatures for all purposes.

**IN WITNESS THEREOF**, the parties hereto have executed this Agreement as of the date specified below

Dated: July , 10 , 2017          By: _____
                                      Adam Kershaw

Dated: July 17 2017              By: _____
                                      Jim Ballard for Ballard Aviation, Inc.

## RELEASE OF ATTORNEYS' FEES CLAIM AND LIEN

Brady & Associates (individually and collectively "Kershaw's Attorneys) state that this Agreement was reviewed by them with Kershaw and was voluntarily and knowingly agreed to and signed by Kershaw with their recommendation and approval. Kershaw's Attorneys hereby agree that all attorneys' liens or claims for fees and expenses which could have existed regarding any and all matters within the scope of this Agreement are completely released, waived and discharged.

Dated: 2/10 _____, 2017      By: _____
                                      Michael F. Brady